**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES MOSLEY,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-2994** |
| | : | |
| **RIVERS CASINO,** *et al.*, | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**PEREZ, J.**                                                                                          **July 8, 2026**

James Mosley, a frequent litigant in this Court, has filed a new case claiming he was

discriminated against when he was ejected from Rivers Casino in Philadelphia.  Mosley seeks to

proceed *in forma pauperis*.  As explained below, the Court will grant Mosley leave to proceed *in*

*forma pauperis* and dismiss the Complaint.

**I.       FACTUAL ALLEGATIONS**[1]

Mosley names Rivers Casino, the Casino Manager, and Security Guards as Defendants

claiming that on or about 10:00 am on May 1, 2026, he was ejected from the Casino premises

located in Philadelphia.  (Compl. at 3-4.)  Mosley was at a blackjack table and told to leave by

Defendant Casino Manager.  (*Id*. at 3.)  The Manager directed the Security Guards to kick him

out.  (*Id*. at 4.)  The Casino Manager is black and so is Mosley.  (*Id*. at 4, 5.)  Mosley asserts he

suffered "bias discrimination" and felt discriminated against in being asked to leave.  (*Id*. at 5.)

He claims there was no "legit reason" for the incident and that, in the process, his casino card

that had been issued to him that day was taken away.  (*Id*.)  He seeks $5 million in damages.

---

[1] The facts are taken from Mosley's Complaint.  (ECF No. 2.)  The Court adopts the
pagination supplied by the CM/ECF docketing system.

## II.    STANDARD OF REVIEW

The Court grants Mosley leave to proceed *in forma pauperis.*   Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  Although this "plausibility standard is not akin to a 'probability requirement,'" it demands "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007)). At this early stage of the litigation, the Court will accept the facts alleged in the Complaint as true, draw all reasonable inferences in the Mosley's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes *pro se* allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245).  An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.* (quoting *Mala*, 704 F.3d at 245); *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant

mentioned it b[y] name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

## III.    DISCUSSION

Because Mosley asserts he was the target of discrimination, the Court understands him to be asserting a civil rights claim.  There are several statutes that create the means to bring a civil rights claim in federal court.  The first is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.").  But any claim under § 1983 that Mosley sought to assert would not be plausible because the named Defendants are a private entity and its individual employees who are not "state actors."

Whether a private entity is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).  "To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists:  (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of

interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). "Action taken by private entities with the mere approval or acquiescence of the State is not state action." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999). Rather, to support a finding of state action, "the government must be 'responsible for the specific conduct of which the plaintiff complains.'" *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). The test imposed for determining whether a private party is exercising a traditionally exclusive public function is "a rigorous standard that is rarely satisfied for while many functions have been traditionally performed by governments, very few have been exclusively reserved to the State." *Robert S. v. Stetson Sch., Inc.*, 256 F.3d 159, 165-66 (3d Cir. 2001) (internal quotations and alterations omitted) (holding that private school at which plaintiff was placed as a minor by the Department of Human Services was not a state actor); *see also Leshko*, 423 F.3d at 347 (holding that foster parents were not exercising a traditionally exclusive public function and were not state actors despite contractual relationship with social services agency).

There is no allegation or inference that Rivers Casino or its employees satisfy any of these tests, and courts have held that casinos are not "state actors" merely because they are subject to regulation of their activities. *See Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 189 (3d Cir. 2000) (collecting cases and holding that state regulation and authorization of casino activities do not transform casinos into state actors). Some courts have held that casino employees are not "state actors" when they perform security functions like detaining a patron or escorting someone from the property even when they do so in coordination with law enforcement officers. *See, e.g.*, *Pugh v. Downs*, 641 F. Supp. 2d 468, 475 (E.D. Pa. 2009) (holding that

casino security officer was not a state actor when effectuating arrests of casino patrons); *Hickson v. Marina Assocs.*, 743 F. Supp. 2d 362, 375 (D.N.J. 2010) (collecting cases and holding that casino employees "were mere private actors performing their services for their private employer, the Casino").

Moreover, even if he had named a state actor, Mosley's allegations that he is black and was asked to leave the casino property does not state a plausible claim. To the extent Mosley seeks to raise an equal protection claim based on this isolated event, there are no allegations in the Complaint asserting that he was treated differently than any other similarly situated individuals and that there was no rational basis for the treatment. *See Phillips v. County of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008) (to state an equal protection claim on a "class of one" theory, "a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment"). Accordingly, any § 1983 claim is dismissed.

The other statute that might apply is 42 U.S.C. § 1981. Section 1981 provides that

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981. "To establish a claim under § 1981, the plaintiff must allege (1) he is a member of a racial minority; (2) the defendant intended to discriminate against the plaintiff on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.)." *White v. Wireman*, No. 16-675, 2018 WL 1278588, at *9 (M.D. Pa. Feb. 8, 2018), *report and recommendation adopted*, 2018 WL 1251786 (M.D. Pa. Mar. 12, 2018) (quoting *Coggins v.*

*County of Nassau*, 988 F. Supp. 2d 231, 247 (E.D.N.Y. 2013), *aff'd in part, appeal dismissed in part sub nom. Coggins v. Buonora*, 776 F.3d 108 (2d Cir. 2015)).

The first two elements of a § 1981 claim require showing that a plaintiff "belongs to a racial minority" and that the defendants had the "intent to discriminate on the basis of race." *Bell v. City of Milwaukee*, 746 F.2d 1205, 1232 (7th Cir. 1984); *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 569 (3d Cir. 2002). Mosley asserts he is black, satisfying the first element. However, he alleges no facts to make plausible a claim that the Casino employees intended to discriminate against him on the basis of his race when they told him to leave the premises. In fact, Mosely alleges no context for why he was asked to leave, and his sole allegation that the Casino Manager who made the decision to remove him was also black provides no apparent basis for finding a plausible allegation of race-based intent. Most importantly, Mosley does not allege that the discrimination concerned one or more of the activities enumerated in the statute, *i.e.*, the making and enforcement of a contract, the ability to sue and be sued, or to give evidence. Accordingly, any § 1981 claim is also dismissed.

## IV.    CONCLUSION

For these reasons, Mosley's Complaint will be dismissed in its entirety. The United States Court of Appeals for the Third Circuit has held that district courts should dismiss *pro se* complaints with leave to amend "unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). Because the Defendants are not state actors and there is no basis for liability under § 1981, any attempt at amendment to assert a race discrimination claim would be futile.[2] Accordingly, the dismissal will be with prejudice.

---

[2] The Court notes that Mosley has been previously informed about the elements of § 1983 and § 1981 claims in numerous prior cases that he filed in this United States District Court for the Eastern District of Pennsylvania. *See*, *e.g.*, *Mosley v. Purdue Pharma LP*, No. 24-3833, 2024

BY THE COURT:

_____

**HON. MIA R. PEREZ**

---

WL 4112312, at *3 (E.D. Pa. Sept. 6, 2024) (providing the elements of the two statutory claims); *Mosley v. Starbuck Corp.*, No. 23-4000, 2023 WL 7285371, at *3 (E.D. Pa. Nov. 3, 2023), *aff'd sub nom. Mosley v. Starbucks Corp.*, No. 23-3095, 2024 WL 2103313 (3d Cir. May 10, 2024) (same); *Mosley v. Cipriani & Werner, PC*, No. 24-510, 2024 WL 1181439, at *2 (E.D. Pa. Mar. 19, 2024) (same).  Because from his prior litigation activity he was on notice of the elements of the statutory claims he has again asserted in this case and he failed to allege facts to support those elements, no leave to amend is warranted.